Defendant-appellant, Douglas Lee Trummer, appeals a decision of the Columbiana County Common Pleas Court classifying him as a "sexual predator."
On February 15, 1995, appellant was convicted of rape, a violation of R.C. 2907.02 (A) (2). The trial court sentenced appellant to ten to twenty five years incarceration, with the minimum being actual incarceration.
The Ohio Department of Rehabilitation and Corrections screened appellant pursuant to House Bill 180 and recommended that appellant, who is presently incarcerated, be classified as a "sexual predator." The trial court was confronted with other incarcerated defendants who were arguing that the application of the sexual predator statute to defendants who were, like them, convicted and sentenced prior to its effective date violated the Ohio Constitution prohibition of retroactive legislation and the United States Constitution prohibition of ex post facto laws. On June 26, 1997, the trial court filed a judgment entry finding that the provisions of R.C. 2950.01, et seq., are not violative of the United States Constitution concerning ex post facto laws or Ohio's Constitution prohibiting remedial laws as related to the circumstances of incarcerated defendants.
Accordingly, the trial court conducted a sexual predator determination hearing on April 3, 1998, and found by clear and convincing evidence that appellant is a "sexual predator."
This appeal followed.
At the outset, we note that plaintiff-appellee, State of Ohio, has failed to file a brief in this matter. Therefore, pursuant to App.R. 18 (C), "this court may accept the appellant's statement of the facts and issues as correct and reverse the judgment if appellant's brief reasonably appears to sustain such action."
Appellant alleges in his sole assignment of error that:
 "THE TRIAL COURT ERRED IN FINDING ORC 2950.01 ET SEQ. CONSTITUTIONAL AS APPLIED TO DEFENDANT-APPELLANT, WHO WAS CONVICTED AND SENTENCED PRIOR TO JULY 1, 1997."
Under his sole assignment of error, appellant presents four issues for review. Appellant's first issue presented for review questions:
 "WHETHER THE TRIAL COURT ERRED IN FINDING THAT ORC 2950.01 ET SEQ., AS APPLIED TO APPELLANT, DID NOT VIOLATE THE PROHIBITIONS AGAINST EX POST FACTO LAWS AND/OR RETROACTIVE LAWS FOUND IN THE UNITED STATES AND OHIO CONSTITUTIONS."
Subsequent to the filing of appellant's brief in this matter, the Ohio Supreme Court resolved the constitutional challenges raised by appellant's first issue presented for review in State v. Cook (1998), 83 Ohio St.3d 404. The Court held that R.C. Chapter 2950, as applied to conduct prior to the effective date of the statute, does not violate the Retroactivity Clause of Section 28, Article II of the Ohio Constitution or the Ex Post Facto Clause of Section 10, ArticleI of the United States Constitution. Id. at paragraphs one and two of the syllabus.
Appellant's second issue presented for review questions:
 "WHETHER THE TRIAL COURT ERRED IN FINDING THAT ORC 2950.01 ET SEQ., AS APPLIED TO APPELLANT, DID NOT VIOLATE THE DOUBLE JEOPARDY PROVISION OF THE FIFTH AMENDMENT OF THE UNITED STATES CONSTITUTION AND THE COMPARABLE GUARANTEE OF THE OHIO CONSTITUTION."
Appellant's third issue presented for review questions:
 "WHETHER THE TRIAL COURT ERRED IN FINDING THAT ORC 2950.01 ET SEQ., AS APPLIED TO APPELLANT, DID NOT VIOLATE THE EQUAL PROTECTION CLAUSE OF THE FOURTEENTH AMENDMENT OF THE UNITED STATES CONSTITUTION AND THE COMPARABLE GUARANTEE OF ARTICLE I, SECTION 2 OF THE OHIO CONSTITUTION."
Appellant's fourth issue presented for review questions:
 "WHETHER THE PROVISIONS OF ORC 2950.01 ET SEQ., AS APPLIED TO APPELLANT, ARE UNCONSTITUTIONALLY VAGUE AS TO DEFINITIONS, PROCEDURE, METHOD OF DISCOVERY, ALLOCATION OF BURDEN OF PROOF, AND LACK OF CLEAR AND EXPLICIT STANDARDS, SUCH THAT APPELLANT COULD HAVE NO REASONABLE MEANS OF DEFENDING HIMSELF AGAINST SUCH A CHARGE, NOR IS THE COURT GIVEN ADEQUATE GUIDANCE FOR MAKING ITS DETERMINATION, THUS DENYING DUE PROCESS."
This court addressed issues identical to those raised by appellant's second, third, and fourth issues presented for review in State v. Woodburn (March 23, 1999), Columbiana App. No. 98C06, unreported. We hereby adopt and incorporate our resolution of those corresponding issues from that opinion herein.
Accordingly, appellant's sole assignment of error is without merit.
We hereby affirm the judgment of the trial court.
Vukovich, J., concurs
Waite, J., concurs
 APPROVED: ____________________________________ Gene Donofrio, Judge